IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEAN-MARC FAISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-598-NJR-DGW |
| | ) | |
| KIMBERLY S. BUTLER, ANDREW DILLINGHAM, and KEVIN HELD | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are motions regarding discovery and sanctions filed by Plaintiff, Jean-Marc Faison (Docs. 59, 60, 64, and 67).

On February 1, 2018, this Court ordered Defendants to produce two categories of information responsive to Plaintiff's interrogatory # 10 by March 5, 2018[1] (Doc. 56):

1. How many persons occupied cells 3-7 on gallery 5, North II cellhouse during the relevant time period (December 2014 to June 2015).

2. Whether any of those persons were (a) placed on suicide watch; (b) investigation; (c) required immediate or emergency response from mental or medical health personnel; or (d) needed immediate removal from those cells because they were committing self-harm or harm to others.

Defendants were directed to file their response. In addition, Defendants were directed to "provide to Plaintiff any documents, e-mails, or correspondence or other communication related to the grievance officer's investigation into Plaintiff's May 19, 2015 grievance," also by the March 5, 2018 deadline. Finally, this Court extended the discovery deadline to April 30, 2018 and the

---

[1] Defendants were given a 30 day deadline. The 30th day was Saturday March 3, 2018. As such, the responses were due on the next business day, March 5, 2018.

dispositive motion filing deadline to May 15, 2018. The parties were told that the deadlines would not be extended.[2]

On March 27, 2018, Plaintiff informed the Court, and the docket sheet so reveals, that Defendants did not file their responses as directed by the Court (Doc. 59). In addition, Plaintiff states that he did not receive the information that Defendants were directed to send to him (Doc. 60). Defendants were directed to respond to the motion by April 6, 2018 (Doc. 61). Instead of responding, Defendants sought additional time to comply with the February 1st Order, stating that an inadvertent calendaring error led to the failure to comply with the Order (Doc. 62). That motion was granted in part and Defendants were directed to respond to the outstanding discovery by April 18, 2018 (Doc. 63). Notwithstanding the extension, Defendants failed to file their discovery response by the deadline and failed to provide responses to Plaintiff (Doc. 64). Therefore, Plaintiff sought sanctions (Doc. 64).

A week later, Defendants filed a notice (Doc. 65) which contained responses to the discovery requests outlined above. While there is no mention of the untimeliness of the response, Defendants baldly "request that the Court find them in Compliance with the Court's Order and not require additional information regarding particular emergencies (mental, medical or otherwise) for the foregoing persons." That request is **DENIED**. While the Court finds that Defendants have provided an answer to the discovery requests, their response to interrogatory #10 is lacking. Their objection that the discovery is burdensome is **OVERRULED**. **Defendants are now directed to search through the records of the 72 inmates they identified and to provide Plaintiff (and file with the Court) the aggregate information he requests as set forth in paragraph 2 above**. Defendants shall do so by **November 21, 2018**.

---

[2] Plaintiff filed a Federal Rule of Civil Procedure 72(a) objection to the Order (Doc. 58) which has not been ruled on as of the date of this Order.

In light of this ruling, Plaintiff's requests for a Court Order are **DENIED AS MOOT** (Docs. 59 and 60). In addition, Plaintiff's motion for sanctions is **DENIED WITHOUT PREJUDICE** (Doc. 64). No sanctions will issue because there has been no showing of prejudice in the delay in receiving the requested discovery responses.

In response to the discovery related to the May 19, 2015 grievance and the investigation into the claims set forth therein, Defendants provided 6 pages which include a copy of the grievance and the institutional response (Doc. 65-1). Affixed to one page of the response is a post-it note stating: "Spoke to Asst. AG – 9/19/17" and "'Not' able to substantiate Clerical error" and the initials LO (emphasis in original). Counsel represents that these are all the documents responsive to this discovery request. Plaintiff takes issue with the disclosure of the post-it note at this late stage, arguing that Defendants should have supplemented their disclosures as required by Rule 26(e)(1). While the post-it note casts some doubt on the accuracy of grievance officer's response, the Court does not find that Defendants were required to supplement disclosure of the grievance with a note that was made during the pendency of this litigation in response to an inquiry by the defense counsel. If Plaintiff believes that the note and any evidence related to the note should be excluded at trial, he may file a motion in limine to that effect. As to this response related to the May 19, 2015 grievance, the Court finds that Defendants have sufficiently responded and no sanctions will issue at this time. Plaintiff's motion (Doc. 67) is accordingly **DENIED WITHOUT PREJUDICE**.

Finally, Defendants seek additional time to file a motion for summary judgment in light of the outstanding discovery set forth above. It is unclear to the Court how any of the above discovery issues would or should have delayed the filing of a motion by Defendants. There is no claim that any of the discovery would be relevant to a motion for summary judgment filed by

Defendants.  The Motion is **DENIED WITHOUT PREJUDICE** (Doc. 68).  Defendants are granted leave to refile this motion, within 30 days of the date of this Order, provided they attach a copy of their proposed motion (and memorandum in support) for summary judgment.

**DATED: November 8, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**